**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

HECTOR MATOS, JR.,

                                        Plaintiff,

            v.                                                      No. 05-CV-1273
                                                                      (DNH/DRH)
JOHN BURGE, Superintendent; MARK BRADT,
Deputy Superintendent; WILLIAM J. MARTENS,
Sgt.; E. RIZZO, Correctional Officer; PORTEN,
Correctional Officer; JOHN DOE, 1, Correctional
Officer; T. CHRISTOPHER, Sgt.; SHARPLES,
Nurse; STATON, Correctional Officer; JOHN DOE 2,
Correctional Officer; JOHN DOE, 3, Correctional
Officer; JANE DOE, X-Ray Technician; AHSAN
SAMINA, Doctor; JOHN DOE #4, Nurse; #5 JOHN
DOE, Sgt.; #6 JOHN DOE, Correctional Officer; #7
JOHN DOE, Correctional Officer; DOCTOR KOOI;
and McKEEN, Correctional Officer,

                                        Defendants.
_____

**APPEARANCES:**                           **OF COUNSEL:**

HECTOR MATOS, JR.
No. 97-A-0832
Plaintiff Pro Se
Post Office Box 506
Bronx, New York 10463

HON. ANDREW M. CUOMO                  DAVID L. COCHRAN, ESQ.
Attorney General for the              Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

Plaintiff pro se Hector Matos, Jr. ("Matos"), formerly an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, eleven named DOCS employees and eight identified as "John Doe" or "Jane doe," violated his constitutional rights under the First, Eighth and Fourteenth Amendments. See Compl. (Docket No. 1). Presently pending is the motion of defendants Burge, Brant, and Martens to dismiss Matos' first cause of action alleging retaliation pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 46. Matos opposes the motion. Docket No. 50. For the following reasons, it is recommended that the moving defendants' motion be denied.

**I. Background**

The facts as alleged in the amended complaint are assumed to be true for the purposes of this motion. See Section II(A) infra.

At all relevant times, Matos was an inmate in the custody of DOCS. Matos alleges in his first cause of action that on October 10, 2002, he submitted a grievance regarding a disciplinary action against him that resulted in the loss of his one hour of daily exercise for thirty days. See Compl. (Statement of Facts) at ¶ 1. In retaliation for his filing the grievance, Burge, Bradt, and Martens signed a restraint order on October 22, 2002 which ordered Matos placed in leg irons and a waist chain. See id. at ¶ 2. This action followed.

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

## II. Discussion

Matos asserts eight causes of action in his complaint, alleging that various defendants violated his First, Eighth, and Fourteenth Amendment rights.  The moving defendants seek dismissal of Matos' First Amendment retaliation claim.

## A. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In evaluating whether these requirements are met, complaints prepared pro se are held to less stringent standards than formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

When a motion to dismiss is brought prior to an answer and discovery, a court is loath to grant the motion.  Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing Wade v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)).  This is true even if "the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him [or her] to relief."  Id.  "'This caution against dismissal applies with even greater force where the complaint is pro se, or where

3

the plaintiff complains of a civil rights violation.'" Lugo, 114 F. Supp. 2d at 113 (citation

omitted); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 476 (2d Cir. 2006).


## B. Retaliation

Matos contends that as a result of filing a grievance, defendants Burge, Bradt, and

Martens retaliated against him by placing him in leg irons and a waist chain "for no reason."

See Compl. (Statement of Facts) at ¶ 2.  Defendants contend that Matos' conclusory

allegations of retaliation must be dismissed as they fail to state a claim.

In order to state an actionable claim for retaliation, a plaintiff must first allege that the

plaintiff's conduct was constitutionally protected and that this protected conduct was a

substantial factor that caused the adverse action against plaintiff.  Dawes v. Walker, 239

F.3d 489, 492 (2d Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema, 534 U.S.

506 (2002).  Retaliation claims are actionable because they may tend to chill an individual's

exercise of constitutional rights. Id. at 491.  However, courts must view retaliation claims

with care and skepticism to avoid judicial intrusion into prison administration matters. Id.

Conclusory allegations alone are insufficient to overcome a motion to dismiss in a civil

rights action. Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987).

Here, Matos claims that as a result of his filing a grievance, defendants Burge, Bradt,

and Martens ordered him placed in leg irons and a waist chain.  Compl. (Statement of

Facts) at ¶ 2.  Matos' filing of a grievance was clearly an assertion of a constitutional right

and being placed in the leg irons and waist chain could constitute an adverse action.  See

Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996).

4

As to the sufficiency of Matos' allegations, he alleges that he filed the grievance in question on October 10, 2002, within twelve days, defendants Burge, Bradt, and Martens signed an order directing that Matos be kept in restraints, and no other reason existed for the restraints order.  Compl. (Statement of Facts) at ¶¶ 1, 2.  If proven, these facts would suffice to establish the claim of retaliation because the moving defendants would have taken the adverse action against Matos solely because of his exercise of a constitutionally protected right.  This satisfies the minimal pleading burden of "giv[ing] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Seierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  If Matos is able to establish that the restraints order was motivated by his grievance rather than by his prison misconduct, he may be able to obtain relief. Therefore, dismissal pursuant to Rule 12(b)(6) is unavailable to defendants.

Accordingly, defendants' motion should be denied.


### III. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants' motion to dismiss the first cause of action (Docket No. 46) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892

F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


DATED: August 22, 2007
      Albany, New York_____          United States Magistrate Judge